PETER DE PASQUALE, PETITIONER-PROSECUTOR, v. AGOSTINO CONTALVI ET AL., RESPONDENTS.

AGOSTINO CONTALVI ET AL., PROSECUTORS, v. PETER DE PASQUALE, PETITIONER-RESPONDENT.

Argued January 23, 1941—Decided March 27, 1941.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PERSKIE.

For the petitioner, *John A. Laird.*

For the respondents Contalvi et al., *Walter X. Trumbull.*

PER CURIAM.

This is a workmen's compensation case, on application for increased award based on claim of increased disability. The bureau dismissed the application, but on appeal to the Pleas an increase was awarded on one phase of the claim but denied on the other phase. Both sides are dissatisfied.

The record of the original proceeding is not before us, but evidently the claim was for disability in three aspects: (1) injury to the eyesight: (2) orthopedic disability, particularly referable to the spinal region: and neurological disability. The accident seems to have been a fall down a flight of stairs. As to the eyesight branch of the case, the claim was dismissed at the first hearing and is out of the case; and the determination of the deputy commissioner in this present matter indicates that the original award, which was of five per cent. only, was based wholly on the orthopedic, or "back" condition, and that there was no finding of any neurological condition ascribable to the accident. As has been said, he found no increase shown, and dismissed the second petition. In the Common Pleas, the finding was that increase in orthopedic disability had not been shown, but that the weight of evidence indicated "an increase in neurological disability only" amounting to ten per cent. This was the review of a finding of fact by the deputy commissioner who saw and heard the witnesses, and, as he says, had "an opportunity to observe the petitioner." Our task like that of the Pleas, is to make a finding of fact based on the printed page, as the Pleas made it by reading the typewritten page.

As to the petitioner's writ, we conclude that the evidence does not require an increase based on the orthopedic element, and that writ will accordingly be dismissed.

As to the respondent's writ, we are of opinion that the finding in the bureau—of no increase—should be sustained, and that of the Pleas be set aside. The deputy commissioner had the great advantage of seeing and hearing the witnesses and particularly the petitioner himself. Moreover, on the application for increase, the petitioner called only one of the two medical witnesses who testified for him at the original hearing, and no explanation was made of the omission of the other. When it is considered that the really important, not to say essential, evidence on a claim for increased disability is that of witnesses having knowledge of conditions both at the time of the original award and at the time of the second hearing (*Cirillo* v. *United Engineers, &c.*, 121 *N. J. L.* 511, 514), and that there were two such witnesses at the original hearing and only one of them at the second, the absence of such witness without any explanation justifies the inference that his testimony would not be favorable to the petitioner. *Roach* v. *Yellow Cab Co.*, 6 *N. J. Mis. R.* 386, and cases cited at page 389; *Robinson* v. *Equitable Life, &c.*, 126 *N. J. Eq.* 242, 247; *Eichelberger* v. *Inter-City, &c., Co.*, 123 *N. J. L.* 595, 597.

Moreover, as has already been noted, there was no finding by the bureau at either hearing, of any disability in the neurological line; and it is difficult to see how the Pleas could logically adjudge that a zero disability had "increased." But viewing the finding in a practical way as a finding that at the second hearing there was neurological disability which, though it had developed since the first hearing, was referable to the accident, we are clearly of opinion that the decided weight of evidence was in accord with the finding of the bureau and against that of the Pleas.

We conclude that on the respondent's writ the award in the Common Pleas will be set aside, and the judgment of the bureau affirmed.